UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGITA ANNE-MARIE DORNAY and
ROBERT NOE, wife and husband,

　　　　　　　Plaintiffs,

　　v.

KING COUNTY SHERIFF, KENMORE
PRECINCT, departments and/or divisions of
KING COUNTY, and KING COUNTY,
DAVID REICHERT, in his individual
capacity, ROBIN FENTON, in her individual
capacity, and CLIFF SETHER, in his
individual capacity,

　　　　　　　Defendants.

Case No.  C05-909RSL

ORDER REGARDING AND
RENOTING MOTION TO DISMISS

## I. Introduction

This matter comes before the Court on "Defendants Reichert, Fenton, and Sether's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. # 6).  For the reasons set forth herein, the Court finds that the complaint is insufficient and orders plaintiffs to move to amend their complaint or face dismissal.

## II. Background

Plaintiff Dornay is an attorney in Washington and a former partner in the firm of Kenyon, Dornay & Marshall.  Her practice included the prosecution of criminal cases for cities

ORDER REGARDING AND RENOTING MOTION TO DISMISS - 1

throughout King County. In this capacity, she met David Hick, then a deputy in the King County Sheriff's Office and a patrol officer for the City of Kenmore. Plaintiffs allege that Mr. Hick "used his position and authority as a law enforcement officer . . . to harass, intimidate, assault, including sexual assault, threaten violence, and undertake other wrongful actions against plaintiff Dornay." Complaint at 3. Plaintiffs state that they were advised by officials from the King County Sheriff's Office to obtain a Domestic Violence Protection Order against Mr. Hick. Plaintiffs sought and obtained a permanent Protection Order, which was entered on June 5, 2002; the order stripped Mr. Hick of his right to possess or carry a firearm, which, in turn, resulted in termination of his employment.

Plaintiffs allege that defendants knew about Mr. Hick's behavioral problems and violent tendencies, yet failed to take any effective disciplinary action and, indeed, negligently retained him as an employee until they had the excuse to fire him based on his inability to carry a weapon. Plaintiffs bring causes of action for negligence, negligent hiring, retention, and supervision, abuse of process, abuse of authority, tortious interference with business expectancy, defamation and defamation per se, outrage, intentional, reckless and/or negligent infliction of emotional distress, supervisory liability, and violations of 42 U.S.C. § 1983.

### III. Discussion

**A.     Standard of Review.**

Motions pursuant to Fed. R. Civ. P. 12(b)(6) test whether the allegations contained in the complaint satisfy the requirements of Fed. R. Civ. P. 8(a). Rule 8(a) merely requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); accord <u>Gen-Probe, Inc. v. Amoco Corp., Inc.</u>, 926 F. Supp. 948, 952 (S.D. Cal. 1996) (stating that the federal rules "do not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). Therefore, a complaint should be dismissed for failure to state a claim only if

it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In reviewing 12(b)(6) motions, the complaint is construed in the light most favorable to plaintiff, its allegations of material fact are taken as true, and reasonable inferences that can be drawn from the pleadings are drawn in favor the pleader.  See Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992); accord Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005).  Notably, the Court's review is limited to the complaint and evidence outside the pleadings cannot normally be considered in deciding a 12(b)(6) motion.  Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).

**B.   Analysis.**

Defendants' central contention is that, "while plaintiffs allege cognizable legal theories, their complaint is devoid of facts to support any of those theories as to Mr. Reichert, Ms. Fenton and Mr. Sether." Reply at 3.  This contention is well-founded.

Simply put, the complaint fails to identify the positions the named individuals hold with King County, their connection to either plaintiff, or any of their actions that led to the plaintiffs' injuries.  Consequently, it lacks sufficient facts to put the defendants on notice of the claims against them.  Plaintiffs' response, for its part, simply contains a number of unsupported statements that the complaint contains sufficient facts without actually indicating what those facts are or where they are set out in the complaint.  See, e.g., Response at 7 (citing the test for the tort of abuse of process/authority and stating, without more, that "the Complaint alleges sufficient facts to satisfy the elements of an abuse of process/authority claim.").  That is, plaintiffs set out the various elements of the torts the defendants allegedly committed, but the complaint contains no facts to support those elements against the individual defendants.  Thus, notwithstanding the liberal notice pleading standard, plaintiffs' complaint is fatally flawed with respect to defendants Reichert, Fenton and Sether.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) ("the absence of sufficient facts alleged under a cognizable legal

ORDER REGARDING AND RENOTING MOTION TO DISMISS - 3

theory" renders a complaint subject to a 12(b)(6) dismissal).

This conclusion is bolstered when one examines the merits of plaintiffs' argument that their complaint puts the moving defendants on notice of the claims against them.  For example, in support of their argument, plaintiffs point the Court to passages excerpted from pages 3-4 of the complaint.  See Response at 2-3.  These passages, however, do not even mention defendants Reichert, Fenton and Sether; instead, they only concern defendant King County, which is not a subject of this motion.  Plaintiffs' response also alleges that there are defamatory newspaper articles about plaintiff Dornay.  See Response at 8.  While such articles may exist, this alone cannot save the complaint because the complaint fails to mention them.  The Court cannot consider allegations in plaintiffs' response or declaration in determining if the allegations in the complaint are sufficient.  See Cervantes, 5 F.3d at 1274.  Consequently, plaintiffs' complaint is subject to dismissal for failure to state a claim as it relates to defendants Reichert, Fenton, and Sether.

Because dismissal of a party's cause of action is a "severe and drastic measure," O-Brien v. Sinatra, 315 F.2d 637, 641 (9th Cir. 1963), the Court directs plaintiffs to file a motion to amend their complaint in order to bring it into compliance with the Federal Rules of Civil Procedure.  Failure to file this motion within 30 days will result in the complaint being dismissed as to the individual defendants.  See, e.g., id. at 641-42 (wherein the district court found that the plaintiff's complaint did not satisfy the requirements of Rule 8 and granted him leave to amend with explicit instructions; the plaintiff failed to comply with the instructions and his complaint was dismissed).  Plaintiffs are advised that the Court must consider four factors when determining whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, and the futility of amending.  See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); accord DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (1987).  Accordingly, when requesting leave to amend, plaintiffs must submit a proposed amended complaint with the motion so the Court can consider the request in light of the four factors listed in Kaplan.

ORDER REGARDING AND RENOTING MOTION TO DISMISS - 4

### IV. Conclusion

For the foregoing reasons, the Court finds that the complaint fails to state a claim against defendants Reichert, Fenton, and Sether. Plaintiffs must move to amend their complaint or face dismissal. The Clerk of the Court is directed to re-note the individual defendants' motion to dismiss on the Court's calendar for September 23, 2005.

DATED this 8th day of August 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING AND RENOTING MOTION TO DISMISS - 5