UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGITA DORNAY, *et al.*,

    Plaintiffs,

    v.

KING COUNTY SHERIFF, *et al.*,

    Defendants.

Case No. C05-0909L

ORDER DENYING MOTION
TO AMEND, TO COMPEL
DISCOVERY, AND FOR RELIEF
FROM PROTECTIVE ORDER

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiffs Margita Anne-Marie Dornay and Robert Noe ("plaintiffs") to amend the complaint, to compel discovery, and for relief from a protective order. (Dkt. #24). For the reasons set forth in this Order, the Court denies the motion.

## II. DISCUSSION

**A.     Motion to Amend.**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."

ORDER DENYING MOTION TO AMEND,
TO COMPEL DISCOVERY, AND FOR
RELIEF FROM PROTECTIVE ORDER- 1

1 Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  Defendants argue that plaintiffs'
2 proposed amendments would be futile because they are insufficient pursuant to Fed. R.
3 Civ. P. 8(a).  A proposed amendment is futile if it could be defeated by a motion to
4 dismiss or if plaintiff cannot prevail on the merits.  See, e.g., Smith v. Commanding
5 Officer, 555 F.2d 234, 235 (9th Cir. 1977).  The individual defendants have filed a
6 motion to dismiss; the Court has granted that motion with the exception of plaintiffs'
7 outrage claim.  The original complaint contains the same allegations of outrage as those
8 in the proposed amended complaint.  For these reasons, the Court finds that the proposed
9 amendments would be futile, and denies plaintiffs' request to amend their complaint.

**B.     Motion to Compel.**

Plaintiffs have moved for an order compelling defendants "to respond fully and without objection, to 'Plaintiffs' First Set of Discovery to the Defendants,' served on June 23, 2005 and due July 25, 2005."  Motion at p. 1.  Local Rule 37 requires that counsel engage in a "good faith effort" to confer about a discovery dispute prior to filing a motion to compel; a good faith effort requires a face-to-face meeting or a telephonic conference.  Local Rule 37(a)(2)(A).  Counsel filing the motion must certify to the court that they have complied with the rule.  In this case, counsel have not conferred by telephone or in person regarding defendants' discovery responses.  Plaintiffs argue that the Court should nevertheless consider this motion because additional communications would not resolve the issue and because defense counsel has not returned plaintiffs' counsel's calls.  Neither argument is well taken. First, skepticism about the efficacy of a discovery conference is not an excuse for failing to comply with the express requirements of Local Rule 37.

Second, defense counsel has filed e-mails between him and plaintiffs' counsel;

ORDER DENYING MOTION TO AMEND,
TO COMPEL DISCOVERY, AND FOR
RELIEF FROM PROTECTIVE ORDER- 2

1 those e-mails show that defense counsel was not "stonewalling" as alleged.  Instead, the
2 e-mails reflect attempts on both sides to cooperatively resolve the discovery disputes.  In
3 an e-mail dated September 27, 2005, plaintiffs' counsel offered to extend the date for
4 defendants' discovery responses until October 21, 2005; defense counsel accepted that
5 offer on the same day.[1]  Declaration of Timothy Gosselin (Dkt. #32), Ex. 3.  Despite the
6 apparent agreement on an extension and the lack of a conference, plaintiffs filed their
7 motion to compel on September 28, 2005.  The Court finds that plaintiffs did not comply
8 with the letter and spirit of Local Rule 37 prior to filing their motion to compel.
9 Accordingly, the Court denies the motion as to that request.

**C.  Motion for Relief from Protective Order.**

Plaintiffs request that the Court "reliev[e] plaintiffs, and their attorneys," from any obligations in a protective order issued by the Disciplinary Board of the Washington State Bar Association (the "Bar") in connection with disciplinary proceedings against Ms. Dornay.  The protective order prohibits disclosure of the report or any portion thereof prepared by the Internal Investigation Unit of the King County Sheriff's Department ("IIU report").  Declaration of John Stocks (Dkt. #25), Ex. C.  Plaintiffs have not explained how this Court has the authority to relieve them of the obligations of the Bar's order.  Furthermore, as a matter of comity, the Court will not undermine the Bar's order. Instead, plaintiffs should seek relief or clarification from the Bar.

---

[1] These concessions highlight the purpose of a conference in good faith, which often leads to the resolution of matters without the need for the court's involvement and in a manner that is mutually satisfactory.  Furthermore, as the October 21, 2005 extension has come and gone, the discovery dispute may now be moot, although the parties have not updated the Court on that.

ORDER DENYING MOTION TO AMEND,
TO COMPEL DISCOVERY, AND FOR
RELIEF FROM PROTECTIVE ORDER- 3

1   Finally, plaintiffs have not offered a compelling explanation for the need for this
2   relief.  Plaintiffs' counsel states that he has been unable to review the IIU report;
3   however, plaintiffs should be able to provide information sufficient to support their
4   complaint without the report.  Plaintiffs also argue that they need the Court's guidance on
5   whether they should continue to file certain documents under seal.  As the Court did not
6   issue the protective order, it will not opine on whether plaintiffs' filings are consistent
7   with that order.  However, it seems that filing potentially violative documents under seal
8   is safer than not doing so, and plaintiffs have not shown that the process is unworkable.[2]

**D.     Request to Strike Defendants' Response.**

   Plaintiffs request that the Court strike defendants' allegedly untimely response to
this motion and supporting documents.  Plaintiffs argue that because their motion was
noted for consideration on October 14, 2005, defendants' response was due on Monday,
October 10, but defendants did not file their response until 7:30 p.m. on October 11.
Because October 10 was a judicial holiday, defendants' response was due on October 11.
Local Rule 7(d)(2); Fed. R. Civ. P. 6(a).  Moreover, according to the electronic filing
procedures for this district, "filing deadlines shall be 11:59 PM Pacific Time on the day
the pleadings are required to be filed."[3]  Electronic Filing Procedures for Civil &

---

[2] Plaintiffs have also requested that the Court seal the entire file.  It does not appear necessary to do so, and the public has an interest in access to information to the extent possible.

[3] Plaintiffs are also incorrect that they had only one day to prepare their reply.  Defendants' response was filed on the evening of October 11, and plaintiffs' reply was due on the night of October 14, not October 13 as plaintiffs claim.  They therefore had three full working days to prepare and file their reply.  Finally, plaintiffs' request to strike is surprising in light of their own rules violations, including citing an unpublished Ninth

ORDER DENYING MOTION TO AMEND,
TO COMPEL DISCOVERY, AND FOR
RELIEF FROM PROTECTIVE ORDER- 4

Criminal Cases § I.B.  Accordingly, defendants' response was timely filed.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion (Dkt. #24).

DATED this 14th day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

Circuit case and filing a 17-page reply without seeking permission to file an overlength brief.  The Court will not strike the excess pages because plaintiffs filed a consolidated motion on three topics rather than individual motions; however, the Court will not consider unauthorized overlength memoranda in the future.

ORDER DENYING MOTION TO AMEND,
TO COMPEL DISCOVERY, AND FOR
RELIEF FROM PROTECTIVE ORDER- 5