UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGITA DORNAY, *et al.*,

   Plaintiffs,

   v.

KING COUNTY SHERIFF, *et al.*,

   Defendants.

Case No. C05-0909L

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on the motion to dismiss filed by defendants David Reichert, Robin Fenton, and Cliff Sether, who are being sued in their individual capacities (collectively, the "individual defendants"). (Dkt. #6). The individual defendants argue that plaintiffs' first amended complaint fails to give them fair notice of the nature of plaintiffs' claims and the legal basis for them. They seek dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6).[1]

For the reasons set forth in this Order, the Court grants the motion in part and

---

[1] Only the three individual defendants brought this motion. The King County Sheriff, Kenmore Precinct, and King County remain defendants in this case.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 1

denies it in part.

## II. DISCUSSION

**A.     Background.**

Plaintiff Anne-Marie Dornay was a partner in a law firm; she prosecuted criminal cases for cities throughout King County. While working in that capacity, she met former King County Sheriff's Office deputy David Hick, who was assigned to the City of Kenmore as a patrol officer. Plaintiff alleges that Officer Hick used his position to allegedly harass, intimate, and assault her. Plaintiff obtained a protective order in April 2002 to protect herself and her family. King County subsequently terminated Hick's employment due to his inability to carry a firearm. Plaintiff alleges that defendants violated her civil rights pursuant to 42 U.S.C. § 1983; plaintiffs also assert numerous state law claims. Plaintiff Robert Noe, Ms. Dornay's husband, alleges loss of consortium.

The original complaint contained one statement that specifically referenced the individual defendants: "David Reichert, Robin Fenton, and Cliff Sether, all are current and/or former employees, agents, and/or supervisors of King County." Complaint at ¶ 2.2. The claims in the complaint stated that the wrongful actions were undertaken by King County or "defendants" generally. The individual defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In an order dated August 8, 2005, the Court found that the complaint was deficient and ordered plaintiffs to move to amend their complaint or face dismissal. Plaintiffs subsequently moved to amend and filed their proposed first amended complaint.

Plaintiffs' proposed first amended complaint contains additional factual allegations against the individual defendants. Plaintiffs allege that Mr. Sether served as the Chief of Police for the City of Kenmore, Ms. Fenton is a Captain, and Mr. Reichert was the

Sheriff.  Plaintiffs allege that all three had supervisory responsibility over Mr. Hick but failed to supervise, discipline or train him, all of which ultimately led to plaintiffs' injuries.  The individual defendants argue that the new allegations are too conclusory and vague to state a cause of action under 42 U.S.C. § 1983, and that plaintiffs' state law claims are deficient.

**B.     Dismissal Standard.**

A 12(b)(6) motion for failure to state a claim upon which relief can be granted "tests whether the allegations of the Complaint satisfy the requirement of Fed. R. Civ. P. 8(a), which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Ricotta v. California</u>, 4 F. Supp. 2d 961, 971 (S.D. Cal. 1998).  The complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (explaining that dismissal is warranted when "it appears beyond a doubt that the Plaintiff can prove no set of facts which would entitle him to relief").  The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true.  <u>See, e.g.</u>, <u>Oscar v. Univ. Students Co-Operative Ass'n</u>, 965 F.2d 783, 785 (9th Cir. 1992).

**C.     Analysis.**

    **1.     Section 1983 Claim.**

The notice pleading standard of Fed. R. Civ. P. 8(a) applies to Section 1983 claims.  <u>See, e.g.</u>, <u>Empress LLC v. City & County of San Francisco</u>, 419 F.3d 1052, 1056 (9th Cir. 2005) (holding that the district court erred in applying a heightened pleading standard to a Section 1983 claim).  To state a Section 1983 claim, a plaintiff must allege that (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a constitutional right.  <u>See, e.g.</u>,

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 3

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (as amended in 1990).

Unlike plaintiffs' original complaint, their amended complaint contains specific factual allegations against the individual defendants.  Defendants, however, correctly note that plaintiffs' amended complaint fails to identify any particular constitutional right that defendants violated.[2]  Instead, the first amended complaint makes general allegations that the individual defendants' actions "led to injuries to the plaintiff violative of her constitutional rights."  First Amended Complaint at ¶¶ 2.3, 2.4, 2.5.

Plaintiffs are represented by counsel, and the Court has already allowed them to amend their complaint once.  Plaintiffs allege that they have been unable to obtain discovery from defendants, precluding them from making more specific allegations.  However, plaintiffs should be able to articulate their basic legal claims without discovery.  Furthermore, defendants' challenge to the amended complaint is primarily a legal challenge, not a factual one.

The amended complaint's shortcomings go to the very essence of plaintiffs' claim and theory of relief.  Without knowing which rights were allegedly violated, defendants and the Court cannot evaluate what precedent is applicable to plaintiffs' claims or evaluate the sufficiency of the claims in light of that precedent.  Plaintiffs' general allegations that their constitutional rights were violated are insufficient.[3]  See, e.g., Ove v.

---

[2] Plaintiffs argue that defendants first raised this claim in their reply in support of their motion to dismiss, and are therefore precluded from raising it now.  Defendants, however, are not estopped from alleging deficiencies in the amended complaint.

[3] Plaintiffs rely on McGrath v. MacDonald, 853 F. Supp. 1, 2 (D. Mass. 1994) for the proposition that a Section 1983 complaint is sufficient if it alleges a civil rights violation.  Plaintiffs' Reply at pp. 10-11.  McGrath, however, does not stand for that

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 4

Gwinn, 264 F.3d 817, 824 (9th Cir. 2001) (noting that plaintiffs alleged that their Fourth Amendment rights were violated when their blood was drawn in violation of a state statute; explaining, "Missing from their complaint is any allegation [similar to precedent] that the blood draws were unreasonable in the Fourth Amendment sense"). Plaintiffs' amended complaint provides even less than the complaint in Ove. It does not identify any specific right violated, much less link the allegedly wrongful conduct to the specific alleged violation. There are constitutional claims that could be raised under the facts alleged, but it is not at all obvious what right(s) plaintiffs claim were violated. Defendants should not be forced to speculate about that or to attempt to mount a defense based on such speculation. Accordingly, plaintiffs' amended complaint does not give defendants fair notice of their claims or the grounds on which they rest, and it does not satisfy the requirements of Fed. R. Civ. P. 8(a).

**2.    State Law Claims.**

The individual defendants argue that plaintiffs have not sufficiently pled their state law claims of negligence; negligent hiring, supervision and retention; abuse of process; abuse of authority; tortious interference with business expectancy; defamation; defamation per se; and intentional and negligent infliction of emotional distress. The amended complaint states these causes of action in a list without attempting to tie any allegations or facts to them. With the exception of the outrage claim, the amended complaint does not contain sufficient facts or legal allegations to support the state law

---

proposition; indeed, the court in that case explicitly noted that plaintiff's complaint alleged a violation of his Fourth and Fourteenth Amendment rights. Similarly, plaintiffs alleged specific constitutional violations in the other cases plaintiffs cite. Plaintiffs' Reply at p. 14.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 5

claims. The amended complaint does not allege that the individual defendants made any false statements about plaintiffs, intentionally interfered with plaintiffs' known business relationships and caused a breach thereof, abused any legal process, owed plaintiffs any duty, or that the individual defendants employed either plaintiff.

Plaintiffs have alleged that the individual defendants engaged in conduct that could be found outrageous. They also have alleged the necessary elements of an outrage claim. First Amended Complaint at ¶¶ 6.2, 7.2; see, e.g., Kloepfel v. Bokor, 149 Wn.2d 192, 195 (2003) (setting forth three elements of an outrage claim including extreme and outrageous conduct, intentional or reckless infliction of emotional distress, and actual result to plaintiff of severe emotional distress). Accordingly, the Court finds that with the exception of the outrage claim, plaintiffs' state law claims against the individual defendants are insufficient.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the individual defendants' motion to dismiss (Dkt. #6). Plaintiffs may pursue their outrage claim against the individual defendants; all of their other claims against the individual defendants are dismissed without prejudice.

DATED this 14th day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge